NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERICKA LISSETTE RUIZ ARIAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-2640

Agency No. A208-977-641

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024[**]
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Petitioner Ericka Lissette Ruiz Arias ("Ruiz Arias") seeks review of a Board

of Immigration Appeals ("BIA") decision affirming a decision by an Immigration

Judge ("IJ") denying Petitioner's applications for asylum, withholding of removal,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we apply the highly deferential substantial evidence standard. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). And in those circumstances where the BIA "agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Under the substantial evidence standard, the agency's facts are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares*, 25 F.4th at 748 (citation and internal quotation marks omitted). Questions of law are reviewed de novo.

Petitioner challenges the agency's ruling on a number of grounds. But the sole basis for the BIA's decision as to asylum and withholding of removal was that she failed to show a nexus between any past or future harm and her proposed particular social groups ("PSG"s). This holding is dispositive of both her asylum and withholding of removal claims. And because the BIA did not address any of the other challenges that she raises with regard to her asylum and withholding of removal claims, we are limited to reviewing only the nexus ground. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

To be eligible for asylum, an applicant must show a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality,

membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). And to establish entitlement to withholding of removal, the applicant must similarly show that one of the same five protected grounds is a "reason" she would "more likely than not" be persecuted. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). In challenging the agency's determination that she failed to meet her burden to show that nexus here, Ruiz Arias contends that the gang members who attempted to extort her were motivated *both* by a desire for money *and* by her proposed PSGs. But the agency's conclusion that the criminals who attempted to extort Petitioner were motivated wholly by money is supported by substantial evidence. "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Petitioner has not identified record evidence that compels the conclusion that the criminals were motivated by anything other than money. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1021 (9th Cir. 2023). And in the absence of evidence of any other motive, the agency was not required to conduct a mixed motives analysis. *See Barajas-Romero*, 846 F.3d at 359–60.

Ruiz Arias also challenges the agency's denial of CAT relief, asserting that the agency failed to consider certain evidence in the record. To be eligible for CAT relief, an applicant must show "that it is more likely than not that he or she would be

tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The evidence Ruiz Arias submitted was her testimony regarding her encounters with gang members who tried to extort her, her uncle's alleged murder in a motorcycle accident, a break-in at her family's home, and a country conditions report. When all of this evidence is assessed together, the record does not compel the conclusion that Ruiz Arias is more likely than not to be tortured if returned to El Salvador.

**PETITION DENIED.**